Brevard, J.,
after hearing Mathis, and Richardson, for the plaintiff, and Branding, for the defendant,- proceeded to slate the pleadings, as above, and then delivered his opinion; as follows s The plaintiff and defendant might have continued thus to plead to' the end of time; the one that the arbitrators were not, and the other that they were, lawfully authorised to award of, and concerning the premises, without coming So issue. The plaintiff has, however, at last demurred, which brings the material question intended to be disputed before the court: namely, whether a submis. sion to arbitration of, and concerning the right and title to land, is good, without bewg in writing, and signed, either by the parties themselves, or by some other person,- or persons. legally authorized by the persons to sign the same in their behalf.
It is a rule of law, that upon a special demurrer, and the present isa special demurrer, stating various causes of demurrer, any niaiter of substance, although not expressly alleged, may he taken advantage of. 1 Sellon’s Practice, 335- It is also a rule, that when a demurrer is joined, the court will adjudge upon the whole record, and not on the particular points reserved by the demurrer,- only.- Hob. 56. 5 Com. E%. 404. Another rule is. that whoever commits the first fault in pleading, shall have judgment against him. 2 Wils. 100.
In the argument of this demurrer, it has been supposed, that the point in question must depend on the construction of the statute of frauds, 29 Car. 2 c. 3. The two sections of that act which have been quoted as applicable to the question, are these : Sec. 3. “ No leases, estates, or interests either of freehold, or terms of years, or any uncertain interest, not being copyhold, to any lands, &c. shall *450 be assigned, granted, or surrendered, unless it be by deed, or note in vwitii g, signed by the parly so assigning, granting, or surrendering the same, or their agents, thereunto lawfully authorized by writing, or by act or operation of law.” P. L, 82. Sec. 4. “ No action sjjaj| ¡jQ brought whereby to charge any person upon any agreement, or upon any contract, or sale of lands, &c„ or any interest in, or concerning them, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized.” Ib.
The statute of frauds declares, that parol leases of land. &c. shall have I he effect of leases at will only; and hence it appears necessary that an award, even of a term of years, where the possession is to be transferred, or the right released, to be good, must be founded on a submission in writing. The defendant’s counsel lias assumed a position, which, if correct, and the sub nission related to a chattel interest, would intitle him to judgment; namely, that nolwithsu nding the submission was verbal, yet as the arbitrators made their award in writing, and they, as the agents of the parties, being fully authorized to award upon the submission concerning the title, &c. and having awarded thereupon, and made their award iu writing, signed by them, their signature is sufficient to bind the parties, and makes the writing theirs. But this position cannot be maintained. It is not easy to bring the question within the clause of the statute of frauds, which speaks of contracts, or sales- of land. The action in this case is founded on a tort, for a trespass done to land, and the title comes in dispute, and was the matter referred to arbitration. There seems to be a clear distinction between contracts, concerning land, and the evidence to transfer, or affect the title, or right to land. The question here is, whether the title or right can be transferred, released, or barred, by a verbal agreement, or by the act of arbitrators verbally authorized : and. this may be easily decided, without regard to the statute of frauds.
It seems clear to me, upon general principles, that the right or title to a freehold estate, cannot be transferred, or released, or barred, but by deed. It was long ago doubted, whether tbe right or title to land could be submitted to arbitration : and it still seems to be a matter of doubt, whether the title can be transferred by award, even when the submission and award are both by deed. Kyd on Awards. Bac. Abr. Tit. Award and Arbitrament.
In this case, if the plaintili’s tide to the freehold was good, before the submission and award, the submission and award stated in *451 the pleadings, were insufficient to divest his right. The rejoinder, therefore, of the defendant, appears to me ill; and the first Cult being íóaod in the rejoinder, judgment must be for the plaintiff, on this n murrer.
Thv defendant’s counsel acquiesced in this decision.